# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE: TITLEMAX CASES[1]

)
)
)

## ORDER SETTING CASE MANAGEMENT HEARING

Multiple cases are pending in this district involving dozens of similar claims against various TitleMax entities. There are now multiple pending motions in those cases specifically related to the arbitration of these claims. These cases were all recently re-assigned to the undersigned.[2]

The current case filings reflect overlapping briefing of the same issues in multiple cases and for multiple plaintiffs in the same case. All of the cases involve the same counsel for the

---

[1] To be entered in:
Goines, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:19-cv-489;
Moreno, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:23-cv-589;
McClendon, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:23-cv-865;
Nicholson, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:19-cv-490;
Richards, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:20-cv-347;
Johnson, et al., v. TitleMax of Virginia, Inc. et al., Case No. 1:23-cv-807;
Jones, et al., v. TitleMax of Virginia, Inc. et al., Case No. 1:24-cv-10;
Truesdale, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:22-cv-833;
Caldwell v. TitleMax of South Carolina, Inc., Case No. 1:25-cv-1012;
James-Roberts v. TitleMax of South Carolina, Inc., Case No. 1:26-cv-50;
Davis v. TitleMax of Virginia, Inc., Case No. 1:26-cv-137;
TitleMax of South Carolina, Inc. v. Prince, Case No. 1:26-cv-366;
TitleMax of Virginia, Inc. v. Johnson, Case No. 1:26-cv-204;
TitleMax of Virginia, Inc. v. Moreno, Case No. 1:26-cv-232;
TitileMax of Virginia, Inc. et al. v. Barnes, Case No. 1:26-cv-233.

[2] In addition to the cases cited above, the following cases are also pending, but they do not raise issues to be addressed at the Case Management Hearing:
Waddell, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:23-cv-34;
Washington, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:23-cv-246;
Boone, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:25-cv-55;
Murphy, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:22-cv-971;
Taylor, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:23-cv-408;
Byrd, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:25-cv-1039;
Banks, et al. v. TitleMax of Virginia, Inc. et al., Case No. 1:26-cv-313.

various plaintiffs and the same counsel for the TitleMax Defendants. In order to facilitate the consideration of the matters at issue, the Court will set all of the cases for a Case Management Hearing on May 19, 2026. At the hearing, the Court will allow the parties to address the history of case management in these matters, and the Court will consider identifying a representative plaintiff for each of the pending issues, with specific motion/document numbers identified, so that the issues can be presented in a manageable way at the hearing before the District Judge on June 5, 2026.[3] In particular, the cases appear to raise issues involving:

1. Motions to Confirm Arbitration Award and for Attorney's Fees, and related responses and Motions to Vacate the Arbitration Award, involving issues related to (i) Choice of Law by the arbitrator, and (ii) awards of punitive damages.

2. Motions to Stay Proceedings pending resolution of <u>TitleMax of South Carolina, Inc. v. Graham</u> by the Court of Appeals for the Fourth Circuit (Case No. 26-1074).

3. Motions to Stay or Transfer Venue based on proceedings in another District (which may largely be moot).

4. Motions for Leave to Amend the Motions to Vacate to add claims related to alleged fraud.

5. Motions for an Evidentiary Hearing and/or for Discovery regarding the affidavit of Darren Medley.[4]

---

[3] The Court notes that in some of the recently-filed cases, TitleMax entities appear as plaintiffs seeking to vacate arbitration awards as to individual claimants. For ease of reference, the Court here uses "plaintiffs" to refer to the claimants, and "defendants" to refer to the TitleMax entities.

[4] The Court notes that as to this issue, it may be that the plaintiffs will request individual determinations regarding materiality if such determinations are ultimately necessary. The parties can address that at the hearing, including whether there are various representative cases on the materiality issue as well.

The Court also notes that there may be other categories, such as Motions to Vacate that were recently filed that include all of the issues and do not involve a Motion for Leave to Amend. The parties may propose such other categories as may be appropriate, but the Court intends to limit the number of total categories to the extent possible, so that the issues can be presented most efficiently. The Court will also consider proposals for a streamlined sequence or priority for addressing the issues, in a way that provides for orderly consideration and movement of the cases.

There is a pending Motion to Consolidate, which can be considered at the hearing on May 19, but even if the cases are not consolidated, there needs to be a manageable plan for presenting the issues that overlap, so that the Court can rule across the cases on uniform issues as may be appropriate. Therefore, in advance of the May 19 hearing, the parties must meet and confer to determine if they can agree on representative plaintiffs as to these issues. Absent an agreement, plaintiffs and defendants should be prepared to make competing designations and explain their reasoning at the hearing on May 19.

In addition, for each representative plaintiff on an issue, each party must be prepared to identify and list all of the other plaintiffs in that case or in other cases pending in this Court that raise the same or similar issue, with the specific motion number on the Court's ECF docket. Thus, for example, the Court expects that for each of the listed issues, the parties will identify a specific plaintiff and specific pending motion number as representative, with the response and reply numbers, and will separately list all plaintiffs and their respective motion numbers raising the same or similar arguments. Failure to include a plaintiff and their motion in the list may result in waiver of the issue, so the lists should be detailed and comprehensive.[5]

The parties must file a Joint Status Report prior to the hearing, identifying their efforts, agreements, proposals, and lists. If the parties have not reached agreement and/or further

---

[5] To be clear, the Court notes that many of the cases involve multiple plaintiffs with multiple overlapping motions. The Court intends to identify single plaintiffs and their related motions, with the remaining plaintiffs in the same case or in other cases identified on lists as outlined above. Ideally, a single plaintiff will be representative on more than one issue, so that the number of representative plaintiffs is as small as possible. The Court expects that all pending motions in any of these cases will be either included in the lists or separately identified and explained. If, on review, there are pending motions that are moot, they should be withdrawn. The Court also notes that plaintiffs that are still in arbitration should be listed separately.

work is required after the hearing on May 19, counsel who participate in the hearing on May 19 should be prepared to appear again for further hearing on May 26, 2026.

Any of the cases that have been set for Initial Pretrial Conference will be addressed instead at the Case Management Hearing on May 19, 2026.

IT IS THEREFORE ORDERED that these cases are set for a Case Management Hearing on Tuesday, May 19, 2026 at 10:00 a.m. in Courtroom 1 of the Federal Courthouse in Winston-Salem, North Carolina. The Parties must meet and confer and file their Joint Status Report by May 14, 2026.

This, the 7th day of May, 2026.

_____
Joi Elizabeth Peake
United States Magistrate Judge

4